# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

OCT -5 2018

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No. 3:18sw237
Prime Storage, Unit G0209 )
13104 Mountain Road )
Glen Allen, Virginia 23059 )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A

located in the _____Eastern_____ District of _____Virginia_____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| Title 21, US Code Sections 846 and 841(a)(1). And Title 18, US Code Section 1956. | Conspiracy to distribute, distribution of, and possession with intent to distribute controlled substances, and Conspiracy to Commit Money Laundering. |

The application is based on these facts:
See attached Affidavit

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

DEA Task Force Officer D. S. Philips
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 10/5/2018

/s/
Roderick C. Young    *Judge's signature*
**United States Magistrate Judge**
*Printed name and title*

City and state: Richmond, VA

# AFFIDAVIT

This affiant, D. S. Philips, a Task Force Officer with the Richmond, Virginia, District Office of the Drug Enforcement Administration (DEA), Department of Justice, being duly sworn, states as follows:

1. I am a Task Force Officer for the Drug Enforcement Administration (DEA) and have been so assigned since April of 2016. I am currently a narcotics detective for the City of Richmond Police Department (RPD) and have been so since 2006. I have also served as a Task Force Officer for the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") in the past. I have been a police officer for the City of Richmond, Virginia Police Department ("RPD") for over sixteen (16) years. Through my employment with RPD and assignments to DEA and ATF, I have received specialized training in the area of narcotics trafficking, drug recognition, and telephonic exploitation of drug organizations. My formal training includes numerous classes and training involving narcotics distribution and searches and seizures of controlled substances, including the 40-hour Top Gun Training at the Marshall-Wythe School of Law and the College of William and Mary.

2. During my employment with RPD, I have testified in court as a fact witness and have been certified as an expert witness in the field of narcotics in the City of Richmond Circuit Courts and have testified on behalf of the Commonwealth on multiple occasions. I have also testified as an expert witness in heroin trafficking in United States District Court.

3. During my employment with RPD, I have written over 250 affidavits for search warrants. Many of the searches pursuant to these warrants lead to the prosecution and conviction in state and federal courts of individuals involved in illegal drug trafficking. I have been involved in the arrests of over 500 individuals on illegal drug related crimes, including drug trafficking conspiracies, narcotics distribution and possession with intent to distribute, and simple possession of illegal narcotics. Through these arrests and interviews of many of these individuals, as well as through participation in over one thousand narcotics related operations, I have become knowledgeable in the area of illegal drug trafficking, particularly

in and around the Richmond, Virginia metropolitan area. Additionally, I have conducted hundreds of hours of surveillance of illegal drug traffickers, have utilized numerous confidential cooperating individuals, and various law enforcement databases to conduct numerous controlled purchases of illegal drugs, obtain and execute numerous search warrants, and make numerous arrests, including investigations, searches and arrests involving the unlawful possession, possession with the intent to distribute, distribution and illegal importation of controlled substances, and their associated conspiracies in violation of Title 21, United States Code, Section 841 and 846.

4. This affiant presents this affidavit in support of a search warrant for:

**Prime Storage, storage unit G0209, 13104 Mountain Road, Glen Allen, Virginia, 23059,** described as a single storage unit with a maroon garage door as the entrance and the numbers 209 clearly displayed in black above the garage door. This storage unit is located in Glen Allen, Virginia.

5. Through training and experience, this affiant knows that drug traffickers will often have off-site storage units (from their places of dwelling) in order to store, items that constitute of evidence of the commission of a criminal offense, contraband, the fruits of crime and things otherwise criminally possessed, and property designed and intended for use, which is used and has been used as the means of committing a criminal offense, including controlled substances, papers and documents related to the ordering, purchasing and distributing of controlled substances; firearms; photographs; addresses and telephone books; electronic storage devices; safes or lock-boxes; paraphernalia for packaging, cutting and distributing controlled substances; cellular telephones; and indicia of occupancy, residency and ownership of property. All of the above being proceeds, instrumentalities and evidence of violations of Title 21, United States Code, Sections 846 and 841(a)(1), that is the conspiracy to distribute and distribution and possession with the intent to distribute controlled substances, and Title 18 United States Code, Section 1956, that is conspiracy to commit money laundering.

6. Along with other law enforcement officers, this affiant is currently participating in the investigation of cocaine trafficker Frankie BROWN. During the course of this investigation, this affiant and law enforcement has verified that Frankie BROWN is an high-level cocaine trafficker who has operated throughout the United States.

7. On August 10, 2018, this affiant and members of the Richmond District DEA office, took Frankie BROWN into custody after a controlled reversal operation. Frankie BROWN was taken into custody with one kilogram of cocaine and eight kilograms of "sham." Prior to the controlled delivery operation, Frankie BROWN had arranged for the transportation of eight kilograms of cocaine from Los Angeles, California to Richmond, Virginia. These eight kilograms were intercepted by law enforcement on August 7, 2018, and the controlled reversal operation was conducted in Richmond, Virginia on August 10, 2018. The operation consisted of Frankie BROWN picking up the cocaine from a cooperating source and the meeting was audio and video recorded. At the time of his arrest, Frankie BROWN had $6,375.00 of US currency in his possession. In post-Miranda statements, Frankie BROWN admitted to law enforcement that he purchased and sold approximately three kilograms of cocaine a week on average for over a year. Frankie BROWN agreed to cooperate law enforcement and was released to engage in pro-active cooperation. Several days later, Frankie BROWN cut off contact with law enforcement.

8. On August 14, 2018 a criminal complaint and arrest warrant were obtained for Frankie BROWN, charging him with attempt possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. At this time, Frankie BROWN became a fugitive.

9. On August 21, 2018, Frankie BROWN was indicted by a federal Grand Jury in the Eastern District of Virginia for attempt possession with the intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846 (count one) and possession with the intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B).

10. On September 13, 2018, Frankie BROWN was arrested by the US Marshals in Atlanta, Georgia. At the time of his arrest, Frankie BROWN had $86,170.00 US currency in his possession.

11. On September 27, 2018, law enforcement received financial records from Wells Fargo, showing that Frankie BROWN paid Prime Storage $259.86 on 12-11-2017, $259.86 on 03-14-2018, $279.00 on 05-11-2018, and $264.00 on 08-02-2018.

12. On October 4, 2018, law enforcement served a subpoena to Prime Storage for a tenant list for July 1, 2018 through August 31, 2018. Information yielded from this subpoena indicated that Frankie BROWN of 2305 Peter Paul Boulevard, Richmond, Virginia, Social Security number XXX-XX-7114, and cellular phone number 804-683-8157, is the sole tenant of storage unit G0209, and has been so since 11-21-2014. Frankie BROWN signed an Occupant Information form and a Payment Policy form, both required by Prime Storage. The address, social security number, driver's license number, email address, and cellular phone number provided by Frankie BROWN have been verified by this affiant and other law enforcement to be correct. According to Prime Storage management, Unit G0209 is presently leased by Frankie BROWN, and has been so since 11-21-2014. In addition, Prime Storage management relayed to law enforcement, that unknown individuals continue to access storage unit G0209 every two days on average.

13. On October 4, 2018, Frankie BROWN made his initial appearance in United States District Court, Eastern District of Virginia, and remains in the custody of the US Marshals.

14. Based on the information contained in herein, this affiant is requesting a search warrant for **storage unit G0209 located at Prime Storage L.C., Glen Allen, Virginia, 23059,** where further evidence of Frankie BROWN's violations of Title 21, United States Code, Sections 846 and 841(a)(1), to wit: conspiracy to distribute and possession with the intent to distribute cocaine base and Title 18, United States Code Section 1956; Conspiracy to Commit Money Laundering (all set forth in greater detail in Attachment B).

D. S. Phillips
Task Force Officer
Drug Enforcement Administration

Sworn to and subscribed before me
This 5th day of October, Richmond, Virginia.

/s/
**Roderick C. Young
United States Magistrate Judge**

# ATTACHMENT A

### DESCRIPTION OF LOCATION TO BE SEARCHED

The storage unit to be searched is described as follows;

A single storage unit, G0209, located at Prime Storage, Glen Allen, Virginia, 23059. Storage Unit G0209 is described as a single storage unit with a maroon garage door as the entrance and the numbers 209 clearly displayed in black above the garage door. This storage unit is located in Glen Allen, Virginia.

## ATTACHMENT B - ITEMS TO BE SEIZED

1. Books, records, receipts, notes, ledgers, and other papers relating to the transporting, ordering, purchasing, and distributing of controlled substances;

2. Papers, tickets, notes, receipts, and other items relating to domestic and international travel;

3. Invoices, records of real estate transactions (whether rented or owned property), bank statements and related records, passbooks, money drafts, letters of credit, money orders, bank drafts, and cashier's checks, bank checks, safe deposit box keys, money wrappers, and other items evidencing the obtaining, secreting, transferring, and/or concealment of assets and the obtaining, secreting, transferring, concealing, and/or expending of money;

4. Electronic equipment, such as computers, telex machines, facsimile machines, currency counting machines, telephone answering machines (including listening to any messages recorded on such machines), and related manuals used to generate, transfer, count, record, and/or store the information described in items 3, 4, 5, and 11 of this exhibit. Additionally, computer software, tapes, discs, audio tapes, storage devices, thumb drives, flash drives, and the contents therein, containing the information generated by the aforementioned electronic equipment;

5. Photographs, including still photographs, negatives, video tapes, films, undeveloped film and the contents therein, slides, in particular photographs of co-conspirators, assets, and/or controlled substances;

6. United States currency, precious metals, jewelry, and financial instruments, including stocks and bonds;

7. Address and/or telephone books, rolodex indices and any papers reflecting names, addresses, telephone numbers, pager numbers, fax machines, and/or telex numbers of co-conspirators, sources of supply, customers, financial institutions, and other individuals or businesses with whom a financial relationship exists;

8. Indicia of occupancy, residency, rental, and/or ownership of the premises to be searched, including, but not limited to, utility and telephone bills, cancelled envelopes, rental, purchase, or lease agreements, and keys;

9. Cellular telephones, portable cellular telephones, electronic pagers, and any stored electronic communications contained therein.

10. Scales, containers, mixers, cutting tools, packaging materials, beaters, burners, and any other drug paraphernalia used in manufacturing, diluting, packaging, and distributing controlled substances.

11. Cellular telephones, portable cellular telephones, electronic pagers, and any stored electronic communications contained therein.